**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 4:23-cv-03659 |
| v. | ) ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) ) ) | |
| *Defendant*. | ) | |

## <u>DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS</u>

Defendant Comcast Cable Communications, LLC ("Comcast") hereby moves for an Order dismissing with prejudice the claims of Plaintiff Radley Bradford ("Plaintiff" or "Mr. Bradford") against Comcast, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Pursuant to Local Rule 7.5, Comcast respectfully requests oral argument and will file a motion as required by this Court's Procedures and Practices.

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     BACKGROUND ..............................................................................................2

III.    LEGAL STANDARDS ....................................................................................3

      A.     Federal Rule of Civil Procedure 12(b)(1) ...........................................3

      B.     Federal Rule of Civil Procedure 12(b)(6) ...........................................4

IV.    ARGUMENT ...................................................................................................4

      A.     Plaintiff's Claim Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff Has Not Suffered a Cognizable Injury in Fact. ........................................................4

      B.     Plaintiff's Claim Should Be Dismissed Pursuant to Rule 12(b)(6) Because He Fails to State a Claim Upon Which Relief May Be Granted. ...........................8

             1.     Comcast Had a Permissible Purpose for Obtaining Plaintiff's Credit Report. ......................................................................8

             2.     The Complaint Contains Legally Insufficient Facts to Establish Recoverable Damages. ..........................................11

V.     CONCLUSION ...............................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alessandro-Roberto v. Experian Info. Sols. Inc.*,
  2023 WL 6462860 (N.D. Tex. Oct. 2, 2023) .........................................................................10

*Arizona Christian Sch. Tuition Org. v. Winn*,
  563 U.S. 125 (2011) ...................................................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................................4

*Beck v. McDonald*,
  848 F.3d 262 (4th Cir. 2017) .....................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................4, 13

*Betz v. Jefferson Capital Sys., LLC*,
  68 F. Supp. 3d 130, 133 (D.D.C. 2014) ....................................................................................10

*Bickley v. Dish Network, LLC*,
  751 F.3d 724 (6th Cir. 2014) .................................................................................................9, 12

*Bradford v. Goldman Sachs & Co. LLC*,
  No. 4:21-cv-00586 (S.D. Tex. Feb 24, 2021) ............................................................................7

*Bradford v. KMD Partners, LLC*,
  No. 4:21-cv-03881 (S.D. Tex. Nov 29, 2021) ...........................................................................7

*Bradford v. Lending Club Corporation*,
  No. 4:21-cv-00588 (S.D. Tex. Feb 24, 2021) ............................................................................7

*Bradford v. Nav Technologies, Inc.*,
  No. 4:23-cv-01200 (S.D. Tex. Mar 31, 2023) ............................................................................7

*Bradford v. Western Dental Services, Inc.*,
  No. 4:23-cv-01131 (S.D. Tex. Mar 28, 2023) ............................................................................7

*Campaign Legal Ctr. v. Scott*,
  49 F.4th 931 (5th Cir. 2022) ......................................................................................................6

*Carlson v. Synchrony Bank*,
  2022 WL 1302841 (W.D. Wis. May 2, 2022) ............................................................................9

*Chappie v. Energi Pros LLC*,
　2020 WL 3978398 (S.D. Tex. June 10, 2020) ......................................................11

*Clapper v. Amnesty Int'l USA*,
　568 U.S. 398 (2013) .................................................................................................8

*Crain v. Credit Prot. Ass'n.*,
　2010 WL 2976127 (N.D. Tex. June 30, 2010) .....................................................10

*Cunningham v. Nationwide Sec. Sols., Inc.*,
　2017 WL 10486988 (N.D. Tex. Nov. 2, 2017)......................................................10

*D&G Holdings, L.L.C. v. Becerra*,
　22 F.4th 470 (5th Cir. 2022) ...................................................................................4

*DaimlerChrysler Corp. v. Cuno*,
　547 U.S. 332 (2006).................................................................................................5

*Davis v. Fed. Election Comm'n*,
　554 U.S. 724 (2008).................................................................................................7

*Dickson v. United States*,
　11 F.4th 308 (5th Cir. 2021) ...................................................................................3

*Domante v. Dish Networks, L.L.C.*,
　974 F.3d 1342 (11th Cir. 2020) ........................................................................9, 12

*Dyson v. Sky Chefs, Inc.*,
　2017 WL 2618946 (N.D. Tex. June 16, 2017) .......................................................6

*Estiverne v. Sak's Fifth Ave.*,
　9 F.3d 1171 (5th Cir. 1993) ....................................................................................9

*Evans v. Am. Collection Enter.*,
　624 F. Supp. 3d 593 (D. Md. 2022) ........................................................................7

*Fjeld v. JPMorgan Chase Bank, N.A.*,
　2014 WL 12599403 (S.D. Tex. Feb. 11, 2014) ....................................................13

*Gant v. Fondren Orthopedic Grp. L.L.P.*,
　2017 WL 4479955 (S.D. Tex. May 22, 2017).........................................................6

*In re Gee*,
　941 F.3d 153 (5th Cir. 2019) ..................................................................................5

*Gonzalez v. Kay*,
　577 F.3d 600 (5th Cir. 2009) ..................................................................................4

iv

*In re Great Lakes Dredge & Dock Co. LLC*,
    624 F.3d 201 (5th Cir. 2010) ...................................................................10

*Heim v. Comcast Cable Commc'ns LLC*,
    2020 WL 9211285 (N.D. Ill. June 1, 2020) ............................................9

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
    143 F.3d 1006 (5th Cir. 1998) .................................................................3

*Hyde v. Hibernia Nat. Bank in Jefferson Par.*,
    861 F.2d 446 (5th Cir. 1988) .................................................................12

*Josefsberg v. Uber Techs., Inc.*,
    2023 WL 5670301 (S.D. Fla. Aug. 31, 2023) ........................................7

*Lance v. Coffman*,
    549 U.S. 437 (2007) .................................................................................5

*Landrum v. Harris Cnty. Emergency Corps*,
    122 F. Supp. 3d 617 (S.D. Tex. 2015) ...................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..............................................................................5, 7

*Mattiaccio v. DHA Grp., Inc.*,
    474 F. Supp. 3d 231 (D.D.C. 2020) .......................................................6

*McDonald v. Equifax, Inc.*,
    2017 WL 879224 (N.D. Tex. Mar. 6, 2017) ..........................................13

*Novak v. Experian Info. Sols., Inc.*,
    782 F. Supp. 2d 617 (N.D. Ill. 2011) ....................................................13

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...............................................................................10

*Pappas v. City of Calumet City*,
    9 F. Supp. 943 (N.D. Ill. 1998) ..............................................................9

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,
    45 F.4th 816 (5th Cir. 2022) ...................................................................6

*Peters v. St. Joseph Servs. Corp.*,
    74 F. Supp. 3d 847 (S.D. Tex. 2015) ......................................................8

*Randolph v. ING Life Ins. & Annuity Co.*,
    486 F. Supp. 2d 1 (D.D.C. 2007) ...........................................................8

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) .......................................................................................11, 12

*Salermo v. Hughes Watters & Askanase LLP*,
  516 F. Supp. 3d 696 (S.D. Tex. 2021) ...........................................................6

*Sheffield v. Bush*,
  604 F. Supp. 3d 586 (S.D. Tex. 2022) ...........................................................4

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)......................................................................................5, 6

*Sweeney v. Holt & Young, P.C.*,
  2023 WL 4977803 (S.D. Tex. July 24, 2023) ...............................................6

*Theriot v. Mundy Cos., Inc.*,
  2017 WL 274812 (S.D. Tex. Jan. 20, 2017) ..............................................11, 12

*Thomas v. Fin. Recovery Servs.*,
  2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ...................................10

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)...................................................................................1, 5, 6

*Washington v. CSC Credit Servs. Inc.*,
  199 F.3d 263 (5th Cir. 2000) .......................................................................13

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990).......................................................................................7

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir. 1981) .........................................................................4

*Wilson v. C & R Distrib., Inc.*,
  2002 WL 1492212 (W.D. Tex. Apr. 12, 2002)...........................................9

*Zimmerman v. City of Austin, Texas*,
  881 F.3d 378 (5th Cir. 2018) .......................................................................7

*Zlotnick v. Equifax Info. Servs., LLC*,
  583 F. Supp. 3d 387 (E.D.N.Y. 2022) .........................................................7

## Statutes

The Fair Credit Reporing Act, 15 U.S.C. § 1681b ................................................ *passim*

The Fair Credit Reporing Act, 15 U.S.C. § 1681n ....................................................11

The Fair Credit Reporing Act, 15 U.S.C. § 1681o ....................................................11

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................3, 4

Federal Rule of Civil Procedure 12(b)(6) ...................................................................4, 8

United States Constitution, Article III .................................................................. *passim*

## I.      INTRODUCTION

This case is one of several materially identical putative class actions that Plaintiff has filed in the last three years asserting claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  As in those cases filed against other companies, Plaintiff alleges here that Comcast checked his credit without a "permissible purpose" as defined by 15 U.S.C. § 1681b of the FCRA.  *See* Compl. ¶ 62.  And, as he has done countless times before, Mr. Bradford asserts bald and conclusory allegations of injury resulting from the allegedly unauthorized credit pull.  *See id.* ¶¶ 31–37.  This Court should dismiss the Complaint on either of two alternative grounds.

*First*, Plaintiff's Complaint fails to state facts sufficient to demonstrate that Plaintiff experienced an injury in fact as required under Article III of the United States Constitution.  On the contrary, his allegations at best demonstrate he suffered only a procedural violation of the FCRA—an injury the Supreme Court has squarely held to be insufficient to confer standing, even if Plaintiff's allegations were true.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021).  Plaintiff's generic and abstract allegations of his concern for privacy and mental anguish are insufficient.  Those statements are conclusory and, as shown below, are merely recycled from numerous other FCRA complaints he has filed in the last three years.

*Second*, Plaintiff's FCRA claim fails on the merits because it is apparent from the Complaint that Comcast was authorized by statute to access his credit history.  One "permissible purpose" for checking a consumer's credit under the FCRA is when a company has a "legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer."  15 U.S.C. § 1681b(a)(3)(F)(i).  It is widely recognized that service providers like Comcast have a legitimate business need under the FCRA to make credit inquiries to confirm that prospective customers are eligible for services and to verify their personal information and identities.  In addition,

Plaintiff's Complaint is factually insufficient and conclusory in several respects, including its threadbare allegations of "willful" violations of law and that Plaintiff sustained actual, cognizable damages as a result of Comcast's actions.  Thus, even accepting all of Plaintiff's well-pleaded factual allegations, his FCRA claim fails on its face.

For these reasons and as further explained below, this Court should dismiss this case for lack of Article III standing, or, in the alternative, dismiss the action for failure to state a claim and without leave to amend.

## II.     BACKGROUND

Plaintiff's Complaint is threadbare.  He alleges that, at some point before January 2023, he "applied for and was granted benefits" under the Affordable Connectivity Program ("ACP"), a federal government program that subsidizes internet services for low-income individuals.[1]  Compl. ¶¶ 8–9.  After learning that Comcast was a participating vendor in ACP, Plaintiff called Comcast on January 11, 2023, "to inquire about [its] Xfinity Essentials program/product."  *Id.* ¶¶ 11–13.  In connection with his inquiry about the Xfinity Essentials program, Mr. Bradford provided a Comcast representative his personal information, including his social security number.  *Id.* ¶¶ 14, 16.  He did so, he says, only after the representative "assured [him] that [Comcast] would not pull his credit report."  *Id.* ¶ 15.  The representative allegedly informed Plaintiff that Comcast would "contact him soon regarding the Xfinity Essentials program."  *Id.* ¶ 17.  Plaintiff alleges he never heard back from Comcast.[2]  *Id.* ¶ 29.

---

[1] Consistent with the Federal Rules of Civil Procedure ("Rules"), Comcast accepts Plaintiff's factual allegations as true for present purposes only.

[2] Plaintiff's Complaint fails to mention that Plaintiff continued to call Comcast to inquire about internet services after January 11, 2023—once on January 13, 2023, and three times on January 17, 2023.  The Complaint also neglects to inform the Court that Plaintiff ultimately ordered Comcast internet services on January 29, 2023.

And that at some unspecified time thereafter, he learned that Comcast accessed his credit report on January 11, 2023, January 13, 2023, and January 17, 2023. *Id.* ¶¶ 18, 21.

Based on these limited allegations, Plaintiff asserts a claim under the FCRA for himself and a proposed nationwide class against Comcast.  For himself, he claims that although he initiated a communication with Comcast and inquired about receiving discounted internet services, Comcast violated the FCRA by requesting his credit history in connection with providing him services. *Id.* ¶¶ 57–72 (citing 15 U.S.C. § 1681(b)(f)).  And as it relates to the putative class, Plaintiff baldly asserts that he is one of many other consumers impacted by Comcast's "practice" of violating the FCRA by "knowingly" and "systematically" inducing third parties into releasing consumer credit reports through "false pretenses" and "false[] represent[ations]." *Id.* ¶¶ 24–25, 39–40, 70.

## III.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted); *see* Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of establishing subject matter jurisdiction. *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).  Because subject matter jurisdiction is a threshold requirement, the court must consider a motion under Rule 12(b)(1) before any motion on the merits. *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022).

In resolving a motion under Rule 12(b)(1), a court may consider matters of fact which may be in dispute and refer to evidence outside the pleadings. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981); *Sheffield v. Bush*, 604 F. Supp. 3d 586, 598 (S.D. Tex. 2022).

3

### B.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) requires courts to dismiss complaints that "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also id.* 8(a)(2) (requiring a plaintiff to allege facts in a complaint showing he is "entitled to relief"). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

It is not enough, however, for a plaintiff to offer a short and plain statement that merely recites the elements of a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In other words, the allegations "must be enough to raise a right to relief above the speculative level" and must "nudge" the claims "across the line from conceivable to plausible." *Id.* at 555, 570.

### IV.     ARGUMENT

### A.     Plaintiff's Claim Should Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff Has Not Suffered a Cognizable Injury in Fact.

Plaintiff's claim should be dismissed for lack of standing because he suffered no plausible injury in fact as required by Article III of the United States Constitution. *See* U.S. Const. art. III, § 2 (limiting the judicial "Power" to resolve disputes to "Cases" and "Controversies"). Article III's case-or-controversy requirement is the "irreducible constitutional minimum" of a federal court's jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy this prerequisite, the plaintiff must have standing to sue. *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). To demonstrate standing, Plaintiff must show (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury will be

4

"redressed by a favorable decision." *Lujan*, 540 U.S. at 560–61 (quotations omitted).  Mr. Bradford bears the burden of establishing standing and must do so "for each claim he seeks to press" and "for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see In re Gee*, 941 F.3d 153, 160 (5th Cir. 2019).

Significant here, an Article III "injury in fact" requires the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 540 U.S. at 560 (quotations omitted).  For an injury to be "concrete," it must be "'real[]' and not 'abstract'"—which means that "it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).  For it to be "particularized," the injury must be personal to Plaintiff, not generalized in a way that equally affects everyone else.  *Id.* at 339; *see Lance v. Coffman*, 549 U.S. 437, 439–40 (2007).

Plaintiff did not suffer a concrete injury.  His only well-pleaded harm is a statutory violation. But the Supreme Court has directly rejected that as a basis for jurisdiction.  *See TransUnion*, 594 U.S. at 427 (holding that "an injury in law is not an injury in fact").  In *TransUnion*, the Supreme Court reiterated that "Article III standing requires a concrete injury even in the context of a statutory violation."  *Id.* (quoting *Spokeo*, 578 U.S. at 341 (rejecting the proposition that "a [FCRA] plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right")).  The Fifth Circuit has followed suit.  *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 823–25 (5th Cir. 2022) (relying on *TransUnion* and *Spokeo* to reject the argument that a "violation of [a] statutory right[] . . . qualifies as a concrete injury"); *accord Campaign Legal Ctr. v. Scott*, 49 F.4th 931, 936 (5th Cir. 2022).

Plaintiff's lack of concrete injury is apparent. *Spokeo* itself recognized that "[a] violation of one of the FCRA's procedural requirements may result in no harm" at all to a plaintiff. *Spokeo*, 578 U.S. at 342. And unlike other FCRA cases, Plaintiff does not allege he suffered any substantive or economic harm whatsoever. Plaintiff's credit standing was not negatively affected by Comcast's alleged conduct, and Plaintiff did not lose out on any present or future financial opportunities. Nor does Plaintiff allege that Comcast disseminated to third parties any false or misleading information or that he was adversely affected in any other manner. Plaintiff's FCRA claim should therefore be dismissed. *See Dyson v. Sky Chefs, Inc.*, 2017 WL 2618946, at *8 (N.D. Tex. June 16, 2017) (dismissing FCRA claim for failure to allege a concrete injury); *Mattiaccio v. DHA Grp., Inc.*, 474 F. Supp. 3d 231, 242–43 (D.D.C. 2020) (same); *Gant v. Fondren Orthopedic Grp. L.L.P.*, 2017 WL 4479955, at *2 (S.D. Tex. May 22, 2017) (same but FACTA claim); *Sweeney v. Holt & Young, P.C.*, 2023 WL 4977803, at *2–4 (S.D. Tex. July 24, 2023), *report and recommendation adopted*, 2023 WL 4976193 (S.D. Tex. Aug. 3, 2023) (same but FDCPA claim); *Salermo v. Hughes Watters & Askanase LLP*, 516 F. Supp. 3d 696, 707–08 (S.D. Tex. 2021) (same).

To be sure, Plaintiff does reference a generalized privacy concern and the alleged mental anguish he experienced from the "fear that he may be a victim of identity theft." Compl. ¶ 34. While allegations of that nature adorned with other plausible facts may support standing in some cases, this case stands in stark contrast. Plaintiff's Complaint contains only conclusory and threadbare allegations as it relates to these issues, which are not enough to confer standing or survive a Rule 12 motion. *See Whitmore v. Arkansas*, 495 U.S. 149, 155–56 (1990) ("A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."); *Lujan*, 504 U.S. at 561 (the standing elements are more than "mere pleading requirements"); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (standing cannot be "dispensed in gross"); *see also, e.g.*,

6

*Josefsberg v. Uber Techs., Inc.*, 2023 WL 5670301, at *3 (S.D. Fla. Aug. 31, 2023) (dismissing FCRA case for lack of standing because the plaintiff's "conclusory allegation that his privacy and statutory rights were invaded [was] insufficient to plead an injury-in-fact"); *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (dismissing FCRA claim because plaintiff's "conclusory assertions" that he "suffered 'mental and emotional pain'" were not enough to "confer standing"); *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 601 (D. Md. 2022) (dismissing FCRA claim for lack of standing due to the plaintiff's "insufficient" and "conclusory" allegations of "depression" and "emotional distress"). Apart from being conclusory, Plaintiff's damages allegations are recycled (nearly word-for-word in some cases) from various FCRA complaints he has filed against other defendants in the Southern District of Texas.[3] Plaintiff cannot feign "damages" and manufacture standing in that way. *See Zimmerman v. City of Austin, Texas*, 881 F.3d 378, 394 (5th Cir. 2018) ("An injury sufficient to confer standing 'cannot be manufactured for the purpose of litigation.'" (quotation omitted)).

In any event, Plaintiff fails to allege that he currently is, has been, or is likely to be, a victim of identity theft—much less that any such theft would or could be the fault of Comcast. Thus, Plaintiff's unsupported "fear" of potential third-party conduct is speculative, unreasonable, and not fairly traceable to Comcast. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[Plaintiffs] cannot manufacture standing . . . based on their fears of hypothetical future harm that is not certainly impending."); *see, e.g.*, *Peters v. St. Joseph Servs. Corp.*, 74 F. Supp. 3d 847, 854–57 (S.D. Tex.

---

[3] *See Bradford v. Lending Club Corporation*, No. 4:21-cv-00588 (S.D. Tex. Feb 24, 2021); *Bradford v. Goldman Sachs & Co. LLC*, No. 4:21-cv-00586 (S.D. Tex. Feb 24, 2021); *Bradford v. KMD Partners, LLC*, No. 4:21-cv-03881 (S.D. Tex. Nov 29, 2021); *Bradford v. Western Dental Services, Inc.*, No. 4:23-cv-01131 (S.D. Tex. Mar 28, 2023); *Bradford v. Nav Technologies, Inc.*, No. 4:23-cv-01200 (S.D. Tex. Mar 31, 2023). These are just a sample of the several dozens of federal lawsuits Plaintiff has filed in the last three years.

2015) (dismissing FCRA claim, finding that "increased risk" of identity theft was not a cognizable Article III injury and that it lacked the requisite causal connection because any purported injury would be "the result of the independent action of a third party"); *Beck v. McDonald*, 848 F.3d 262, 272 (4th Cir. 2017) (rejecting plaintiffs' argument that "emotional upset" and "fear [of] identity theft and financial fraud" were "sufficient to confer Article III standing" to pursue Privacy Act claim); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 8 (D.D.C. 2007) (finding no Article III standing based on plaintiffs' "mere speculation that at some unspecified point in the indefinite future they will be the victims of identity theft").

Because Plaintiff suffered no concrete injury in fact, he has no standing to assert his FCRA claim against Comcast.  The Complaint should be dismissed for lack of subject matter jurisdiction.

**B.      Plaintiff's Claim Should Be Dismissed Pursuant to Rule 12(b)(6) Because He Fails to State a Claim Upon Which Relief May Be Granted.**

On the merits, Plaintiff's FCRA claim fails as a matter of law for two reasons.  First, Plaintiff's factual allegations establish that Comcast had a permissible purpose to access his credit report.  Second, Plaintiff fails to allege facts that establish either a willful violation or actual damages—which are necessary elements to his recovery.  Each are addressed below.

**1.      Comcast Had a Permissible Purpose for Obtaining Plaintiff's Credit Report.**

Comcast had a permissible statutory purpose for allegedly requesting Plaintiff's credit history in January 2023.  Under the FCRA, a company may request a consumer's credit history if it has a "permissible purpose" as defined by 15 U.S.C. § 1681b(a)(3).  *See id.* § 1681b(f)(1).  One such purpose is when the requesting company "has reason to believe" that it has "a legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer."  *Id.* § 1681b(a)(3)(F).

That is precisely what Plaintiff alleges occurred here.  After Plaintiff initiated a business transaction with Comcast by calling to inquire about discounted internet services, Comcast—like any other service provider—was authorized to access Plaintiff's credit history to verify his identity, and thus eligibility, for services.  *Bickley v. Dish Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014) (holding that a "legitimate business need" for purposes of § 1681b includes "verifying the identity of a consumer and assessing his eligibility for a service"); *Domante v. Dish Networks, L.L.C.*, 974 F.3d 1342, 1346 (11th Cir. 2020) (affirming that Dish had a "permissible purpose" in obtaining plaintiff's consumer report for "verification and eligibility purposes"); *Heim v. Comcast Cable Commc'ns LLC*, 2020 WL 9211285, at *2–3 (N.D. Ill. June 1, 2020) (dismissing FCRA claim because Comcast "reasonably believed that [plaintiff] was initiating a business transaction with it and had a legitimate business need to confirm her identity"); *Carlson v. Synchrony Bank*, 2022 WL 1302841, at *2–3 (W.D. Wis. May 2, 2022) (relying on *Bickley* to reject FCRA claim where defendant "had reason to believe that a . . . costumer was requesting an account" and "common sense support[ed] the finding that [defendant] had a legitimate business need" to check plaintiff's credit").

Indeed, the Fifth Circuit has observed that accessing a consumer's credit history in connection with his request for goods or services is the archetype of a "legitimate business need." *Estiverne v. Sak's Fifth Ave.*, 9 F.3d 1171, 1173 (5th Cir. 1993) (holding that a retail store had a "legitimate business need" under the FCRA when it requested a credit report to determine whether to accept or reject a consumer's check); *see Wilson v. C & R Distrib., Inc.*, 2002 WL 1492212, at *3 (W.D. Tex. Apr. 12, 2002) (finding permissible purpose and "legitimate business need" to obtain credit report before the sale of a vehicle); *see also Pappas v. City of Calumet City*, 9 F. Supp. 2d

943, 949 (N.D. Ill. 1998) ("Generally speaking, a 'business transaction' under the FCRA refers to an exchange of goods or service for money." (citing *Estiverne*)).

Plaintiff's allegations to the contrary are bare and devoid of any development. *See* Compl. ¶¶ 23, 40, 61–62, 67–70 (summarily stating the legal conclusion that Comcast had no "permissible purpose"). In fact, courts have held that these types of deficiencies are separate grounds for dismissal. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) ("[Courts] do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" (quotation omitted)); *Crain v. Credit Prot. Ass'n.*, 2010 WL 2976127, at *3 (N.D. Tex. June 30, 2010*), report and recommendation adopted*, 2010 WL 2976120 (N.D. Tex. July 28, 2010) ("Although Plaintiff essentially claims that Defendant did not have a legitimate business need to obtain his credit information, he has not pled any facts to support that allegation."); *Cunningham v. Nationwide Sec. Sols., Inc.*, 2017 WL 10486988, at *4 (N.D. Tex. Nov. 2, 2017) ("Plaintiff has not sufficiently alleged that Defendant lacked a permissible purpose.") (collecting cases, including *Betz v. Jefferson Capital Sys., LLC*, 68 F. Supp. 3d 130, 133 (D.D.C. 2014) (finding that "[a]lthough plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, 'he must support that belief with some factual allegations'") and *Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) (holding that "bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient" to establish FCRA violation)).

If anything, Plaintiff's FCRA claim demonstrates a fundamental misunderstanding of the statute, and specifically Section 1681b. Plaintiff's Complaint emphasizes that he allegedly did not

authorize or consent to Comcast accessing his credit report. *See* Compl. ¶¶ 22–24, 34–35, 62. But, as explained, the FCRA's plain language requires only that credit checks be authorized ***by the statute***, not by the consumer. *See* 15 U.S.C. § 1681b(f)(1) (a business may "not use or obtain a consumer report for any purpose unless . . . [it] is obtained for a purpose for which the consumer report is authorized to be furnished *under this section*" (emphasis added)); *see Alessandro-Roberto v. Experian Info. Sols. Inc.*, 2023 WL 6462860, at *5 (N.D. Tex. Oct. 2, 2023) (a defendant may obtain a credit report ***without*** "written consent" so long as there is a "permissible purpose" under the FCRA).

Because Comcast had a legitimate business need, it was authorized by the FCRA to conduct a credit inquiry on Plaintiff in January 2023. For that reason, Plaintiff's FCRA claim fails on its face and should be dismissed without leave to amend.

### 2. The Complaint Contains Legally Insufficient Facts to Establish Recoverable Damages.

Plaintiff's FCRA claim also fails because Plaintiff does not allege facts that establish any entitlement to recoverable damages. If a FCRA plaintiff can establish a "willful" violation, the plaintiff can recover either actual damages or statutory damages. *See* 15 U.S.C. § 1681n. If a plaintiff can establish only a "negligent" violation, however, the plaintiff can recover ***only*** actual damages. *See id*. § 1681o. To survive a motion to dismiss, then, a plaintiff must plausibly allege either "willfulness" or actual damages. *See Chappie v. Energi Pros LLC*, 2020 WL 3978398, at *3–4 (S.D. Tex. June 10, 2020), *report and recommendation adopted*, 2020 WL 3972533 (S.D. Tex. July 14, 2020) ("[W]ithout an allegation of actual damages, the FCRA claim based on negligent violations fails." (quotation omitted)). Plaintiff's Complaint falls far short in both respects.

***First***, to establish a willful violation, Plaintiff must show that Comcast either knowingly or recklessly obtained his credit report without a permissible purpose. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–60 (2007). At bottom, this means that a company does not "willfully" violate

the FCRA if it acted on an objectively reasonable interpretation of the law. *Id.* at 69; *Theriot v. Mundy Cos., Inc.*, 2017 WL 274812, at *5 (S.D. Tex. Jan. 20, 2017). In *Safeco*, the Supreme Court held that even though it disagreed with the company's interpretation of the FCRA, the company had not willfully violated the statute because it acted objectively reasonably given the "less-than-pellucid" statutory text and the lack of guidance and precedent from courts and regulatory agencies. *Safeco*, 551 U.S. at 70.

Here, even if the Court accepts Plaintiff's allegation that Comcast accessed his credit report without his authorization (which it did not), and even if the Court concludes that doing so violated the FCRA (which it does not), there can be no finding of "willfulness" based on the Complaint because Comcast's interpretation of the FCRA was not objectively unreasonable. Comcast did not violate any clearly established FCRA requirement or prohibition. It did the opposite. Just as in *Safeco*, Comcast's interpretation "ha[d] a foundation in the statutory text." 551 U.S. at 69–70. Comcast also acted in comport with existing precedent on the issue. It is well recognized across jurisdictions that service providers may conduct credit checks on potential consumers to verify their identity and eligibility for services. *See, e.g.*, *Bickley*, 751 F.3d at 724; *Domante*, 974 F.3d at 1346.

Given these circumstances, Comcast's interpretation of the FCRA was objectively reasonable, and Plaintiff's claim for statutory damages necessarily fails. *See Landrum v. Harris Cnty. Emergency Corps*, 122 F. Supp. 3d 617, 625–26 (S.D. Tex. 2015) (finding no willful FCRA violation where defendant's interpretation was objectively reasonable); *Theriot*, 2017 WL 274812, at *6 (same).

**Second**, because Plaintiff cannot establish willfulness, his only chance of recovery is by alleging that he has incurred actual damages. *See Hyde v. Hibernia Nat. Bank in Jefferson Par.*, 861 F.2d 446, 448 (5th Cir. 1988) (noting that only "injured" consumers with "actual damages" are permitted to bring FCRA claims for negligent violations the statute). But for the same reasons Plaintiff

fails to plead an injury in fact, he also fails to plead that he sustained cognizable damages traceable to Comcast's alleged FCRA violation. Plaintiff did not lose money or allege that his credit score was negatively affected. He is not now, nor has he ever been, a victim of identity theft. And his allegations of mental anguish damages and privacy interests are threadbare and lacking even the most basic development. *See Fjeld v. JPMorgan Chase Bank, N.A.*, 2014 WL 12599403, at *3 (S.D. Tex. Feb. 11, 2014) (dismissing FCRA claim in part because plaintiff's conclusory allegation of mental anguish was insufficient to prove he had incurred actual damages); *Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (dismissing complaint alleging unspecified damage caused by conducting credit check). The Federal Rules of Civil Procedure "require[] more than labels and conclusions" or "formulaic recitation[s]." *Twombly*, 550 U.S. at 555.

Because Plaintiff did not adequately plead willfulness or establish his entitlement to actual damages, his FCRA claim should be dismissed. To the extent Plaintiff also seeks injunctive relief (*see* Compl. ¶ 72(c)), the FCRA does not allow it. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC."); *McDonald v. Equifax, Inc.*, 2017 WL 879224, at *9 (N.D. Tex. Mar. 6, 2017) ("private litigants may not seek injunctive relief" under the FCRA).

## V.     CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. If the Court reaches the merits, it should dismiss the Complaint for failure to state a claim and without leave to amend.

Dated: December 18, 2023

Respectfully submitted,

/s/ *Brennan H. Meier*
Brennan H. Meier, Attorney-in-Charge
TX Bar No. 24077507
SDTX Bar No. 3436702
Matthew E. Myatt (*pro hac vice forthcoming*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214.969.2714
Facsimile: 214.969.4343
bhmeier@akingump.com
mmyatt@akingump.com

Marshall L. Baker (*pro hac vice forthcoming*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Telephone: 310.229.1000
Facsimile: 310.229.1001
mbaker@akingump.com

Seamus C. Duffy (*of counsel*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1735 Market Street, 12th Floor
Philadelphia, PA 19103
Telephone: 215.965.1200
Facsimile: 215.965.1210
sduffy@akingump.com

*Attorneys for Defendant Comcast Cable Communications, LLC*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on December 18, 2023, counsel for Comcast conferred with counsel for Plaintiff to indicate Comcast's intent to file the instant motion. Plaintiff's counsel indicated that Plaintiff is opposed to this motion.

By: */s/ Brennan H. Meier*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 18, 2023, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Brennan H. Meier*