# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 4:23-cv-03659 |
| v. | ) ) ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) ) ) | |
| *Defendant*. | ) | |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN
## UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Comcast Cable Communications, LLC ("Comcast" or "Defendant"), together with Plaintiff Radley Bradford ("Plaintiff"), respectfully submit this Joint Discovery and Case Management Plan as set forth below.

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Counsel for the parties conferred telephonically on January 22, 2023. Appearing for Plaintiff, was Mohammed O. Badwan. Appearing for Comcast were Brennan H. Meier, Matthew E. Myatt, and Marshall L. Baker.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

<u>Plaintiff's Position</u>: None.

<u>Defendant's Position</u>: Plaintiff has two pending cases in this district that similarly assert claims arising out of the Fair Credit Reporting Act. *See Bradford v. Capital One Auto Finance, Inc.*, No. 4:23-cv-02808 (S.D. Tex. Jul 31, 2023); *Bradford v. Experian Information Solutions,*

1

*Inc.*, No. 4:22-cv-00317 (S.D. Tex. Jan 31, 2022). The parties agree that no coordination between these cases and the instant case is appropriate.

3. **Briefly describe what the case is about.**

This action was filed on September 28, 2023. Plaintiff alleges that he contacted Comcast on January 11, 2023 "to inquire about the Xfinity Essentials program/product offered by Defendant." Compl. ¶ 13. Plaintiff alleges that the Comcast customer service representative asked Plaintiff for certain personal identifiers (*id.* ¶ 14), and "assured Plaintiff that Defendant would not pull his credit report if he provided his social security number." *Id.* ¶ 15. Plaintiff alleges that he provided his social security number and that he thereafter "received alerts from his credit monitoring service stating that Defendant accessed Plaintiff's Equifax credit report on January 11, 2023, January 13, 2023, and January 17, 2023." *Id.* ¶ 18.

On that basis, Plaintiff asserts a single claim under Section 1681b(f) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, for himself and a putative nationwide class individuals who had their consumer credit report(s) obtained by Comcast from Equifax in connection with the Xfinity Essentials product/program. *Id.* ¶¶ 41, 57-72.

Comcast denies Plaintiff's allegations and that this class could be certified under Federal Rule of Civil Procedure 23 and, on December 18, 2023, moved for an Order dismissing with prejudice Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

4. **Specify the allegation of federal jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

5. **Name the parties who disagree and the reasons.**

No party disagrees that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. As set forth in Comcast's pending Motion to Dismiss, Comcast believes that Plaintiff lacks

standing under Article III of the U.S. Constitution and that this case should be dismissed on that (and other grounds).

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action issues.**

As set forth above, Plaintiff brings this case as a putative class action. The parties disagree about whether this case is suitable for class treatment, but the parties agree that the Court should first resolve the threshold pleading issues that are pending in Comcast's Motion to Dismiss.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff's Position: Plaintiff proposes that the parties be required to exchange their initial disclosures no later than February 14, 2024.

Defendant's Position: Defendant proposes to serve initial disclosures as required by Rule 26(f) within fourteen (14) days of the Court's order on Defendant's Motion to Dismiss, provided that the Court does not dismiss this proceeding with prejudice or otherwise under Article III.

**10.    Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

The parties conferred prior to and on January 22, regarding the matters required under Rule 26(f). The parties agree that discovery should commence after the Court makes the threshold determinations on the viability of Plaintiff's Complaint.

If this action is not dismissed and Comcast is required to answer the complaint or any amended complaint, the parties propose that discovery first focus on the claims of the named

Plaintiff, with any class discovery to proceed thereafter. The discovery of the named Plaintiff's claims would include (1) the facts underlying Plaintiff's individual allegations; (2) communications between the parties, (3) discovery concerning Plaintiff's credit report and history, and (4) discovery of Plaintiff's allegations of injury.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

<u>Plaintiff's Position</u>: Plaintiff anticipates that it will send interrogatories to Defendant within 30 days of the entry of the scheduling order.

<u>Defendant's Position</u>: Defendant proposes that Plaintiff send interrogatories to Defendant within 30 days of any answer Comcast files in this action.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Comcast anticipates that it will send interrogatories to Plaintiff within 6 months of any answer Comcast files in this action.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

<u>Plaintiff's Position</u>: Plaintiff anticipates that he will take Defendant's deposition within 6 months of the entry of the scheduling order.

<u>Defendant's Position</u>: Defendant proposes that Plaintiff take Defendant's deposition within 6 months of any answer Comcast files in this action.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Comcast anticipates that he will take Plaintiff's deposition within 9 months of any answer Comcast files in this action. Comcast may also need to depose third parties and anticipates that it could complete all deposition discovery within 12 months of the filing of its answer.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Given the posture of this case, the parties agree that it is premature at this time to determine the time at which they will be able to designate any experts or rebuttal experts.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Given the posture of this case, the parties agree that it is premature at this time to determine the time at which they will be able to designate any experts or rebuttal experts.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Given the posture of this case, the parties agree that it is premature at this time to determine the time at which they will be able to depose experts.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff's Position: Plaintiff submits that discovery should open immediately and not be stayed pending Defendant's Motion to Dismiss as there is no compelling basis to stay discovery.

Defendant's Position: Comcast requests that discovery be temporarily stayed until the Court's resolution of Comcast's pending Motion to Dismiss. A district court has "broad discretion and inherent power to stay discovery" for good cause "until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see* Fed. R. Civ. P 26(c) (a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Courts in this district routinely find good cause to stay discovery where, as here, there is a

pending dispositive motion to dismiss. *See, e.g.*, *Ideus v. Deere & Co.*, 2023 WL 3040303, at *2 (S.D. Tex. Feb. 16, 2023); *Barrie v. Nueces Cnty. Dist. Attorney's Off.*, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017). As set forth in Comcast's pending Motion to Dismiss, Plaintiff's FCRA claim has no merit. This case is one of several materially identical putative class actions under FCRA that Plaintiff has filed (and dismissed) in the last three years against other companies. It is apparent from the complaint that Plaintiff has not suffered a cognizable injury in fact sufficient to confer Article III standing. And, separately, it is apparent that Comcast did not violate FCRA and was specifically authorized by statute to verify Plaintiff's identity after he initiated a business transaction for services with Comcast.

Because this case is ripe for dismissal, the cost and expense of discovery—in particular class discovery—before the Court's ruling on the pending motion greatly outweighs any benefit and would be unduly burdensome on Comcast and potentially unnecessary given that the dismissal of Plaintiff's claim would preclude discovery altogether. Moreover, a temporary stay at this early stage of litigation would not prejudice Plaintiff but rather conserve both parties' resources for the time being.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have discussed merits of the case with each other.

**13.    State the date the planned discovery can be reasonably completed.**

<u>Plaintiff's Position</u>: Plaintiff proposes that discovery remain open through January 30, 2025.

<u>Defendant's Position</u>: Assuming this case is not dismissed, Defendant proposes that discovery remain open through February 6, 2026.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties are in the process of informally exchanging information and will work amicably towards a prompt resolution.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have conferred about a possible resolution of this matter and have agreed to continue to confer about whether the matter can be promptly resolved.

**16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that it is premature to make determinations about alternative dispute resolution techniques but are in the process of exchanging information and have agreed to continue to confer on whether the matter can be promptly resolved.

**17.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a magistrate judge.

**18.  State whether a jury demand has been made and if was made on time.**

Plaintiff timely made a jury demand.

**19.  Specify the number of hours it will take to present the evidence in this case.**

The parties agree that it is premature to estimate the length of trial.

**20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Comcast's Motion to Dismiss is pending.  Plaintiff has not yet filed an opposition to the Motion to Dismiss.

**21.  List other motions pending.**

Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss. [Dkt. 16].

Plaintiff's Motion to Appear Telephonically or Via Videoconference for the Initial Status Hearing. [Dkt. 17]

Defendant's Motion for Hearing on Defendant's Motion to Dismiss (forthcoming).

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The parties certify that they have filed the necessary disclosures, as directed in the Court's Order.

**24.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**For Plaintiff**:

Mohammed O. Badwan (IL Bar No. 6299011)
Marwan R. Daher (IL Bar No. 6325465)
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
630-575-8181
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com

Nayeem Mohammed (TX Bar No. 24082001)
539 W. Commerce St.,
Suite 1899
Dallas, TX 75208
(972) 767-9099
nmohammed@sulaimanlaw.com

**For Defendant**:

Brennan H. Meier
TX Bar No. 24077507
SDTX Bar No. 3436702
Matthew E. Myatt (TX Bar No. 24116803) (*admitted pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Telephone: 214.969.2714
Facsimile: 214.969.4343
bhmeier@akingump.com
mmyatt@akingump.com

Marshall L. Baker (CA Bar No. 300987) (*admitted pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile: 310.229.1001
mbaker@akingump.com

Dated: January 23, 2024

| | |
|---|---|
| /s/ Mohammed O. Badwan<br>Mohammed O. Badwan<br>Marwan R. Daher<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, IL 60148<br>630-575-8181<br>mbadwan@sulaimanlaw.com<br>osulaiman@sulaimanlaw.com<br>mdaher@sulaimanlaw.com<br><br>Nayeem Mohammed<br>539 W. Commerce St.,<br>Suite 1899<br>Dallas, TX 75208<br>(972) 767-9099<br>nmohammed@sulaimanlaw.com<br>*Counsel for Plaintiff* | /s/ Brennan H. Meier<br>Brennan H. Meier<br>TX Bar No. 24077507<br>SDTX Bar No. 3436702<br>Matthew E. Myatt (*admitted pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Telephone: 214.969.2714<br>Facsimile: 214.969.4343<br>bhmeier@akingump.com<br>mmyatt@akingump.com<br><br>Marshall L. Baker (*admitted pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Telephone: 310.229.1000<br>Facsimile: 310.229.1001<br>mbaker@akingump.com<br><br>*Attorneys for Defendant Comcast Cable Communications, LLC* |